Dennis A. Cammarano, Esq.--037242
CAMMARANO LAW GROUP
Attorneys for Plaintiff,
STARR INDEMNITY & LIABILITY COMPANY
555 E. Ocean Blvd., Ste. 501
Long Beach, CA 90802
Tel: 562.495.9501
Fax: 562.495.3674
Email: dcammarano@camlegal.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STARR INDEMNITY & LIABILITY COMPANY, | IN ADMIRALTY |
| | CIVIL ACTION NO. |
| Plaintiff, | |
| v. | **COMPLAINT FOR:** |
| MEDITERRANEAN SHIPPING COMPANY S.A.; and DOES 1 through 10, inclusive, | 1. **NON-DELIVERY OF CARGO;** |
| | 2. **NEGLIGENCE/WILFUL MISCONDUCT** |
| Defendants | 3. **BREACH OF CONTRACT** |
| | 4. **BREACH OF WARRANTY** |

COMES NOW, Plaintiff, STARR INDEMNITY & LIABILITY COMPANY and for causes of action against MEDITERRANEAN SHIPPING COMPANY S.A. and Does 1 through 10, inclusive, ("Defendants"), allege as follows:

\\\

1

## JURISDICTIONAL ALLEGATIONS

1.      This action involves admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and is within this court's admiralty and maritime jurisdiction.  As well, this court has jurisdiction under as a Federal Question under 28 U.S.C. § 1331, in that the dispute arises under federal law, namely, the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701 <u>et. seq.</u>

2.  Venue is proper in this judicial district as the sea waybills at issue specify this court in this judicial district as the designated forum for resolution of disputes.

## THE PARTIES

3.      STARR INDEMNITY & LIABILITY COMPANY (hereinafter "STARR" or "Plaintiff") is an insurance corporation authorized to do business in the State of New York, with an office and place of business at 399 Park Avenue, New York, New York 10022. Plaintiff brings this suit in its own name as it insured the owner of the cargo, BBC INTERNATIONAL LLC (hereinafter "BBC").  BBC is a designer, importer and distributor of footwear. Having paid for the loss of the cargo described below, STARR is subrogated to the rights of BBC. STARR is also the assignee of Trust Freight Services, Inc. (the original contracting carrier with BBC) and Unipac Shipping, Inc. (the named consignee under the MSC sea

waybills).

4. Defendant MEDITERRANEAN SHIPPING COMPANY S.A. (hereinafter "MSC" or with Does, "Defendants") is a corporation doing business in this judicial district as a vessel operating common carrier with an office and place of business c/o MEDITERRANEAN SHIPPING COMPANY (USA) INC. at 420, 5th Avenue (at 37th Street) 8th Floor, New York, NY 10018.

5. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants designated herein as DOES 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names.

6. Plaintiff is informed and believes, and thereon alleges, that each of Defendants designated herein as a DOE 1 through 10, inclusive, is, in some manner, legally responsible for the events and happenings herein referred to, and when the names and capacities of said Defendants are ascertained, Plaintiff will seek leave of Court to amend this Complaint to reflect their true names and capacities.

\\\

\\\

## FIRST CAUSE OF ACTION

(Non-Delivery of Cargo-COGSA)

7.     Plaintiff incorporates by reference paragraphs 1 through 6, inclusive, of this Complaint as fully set forth herein.

8.     On December 21, 2020, Defendants and each of them accepted a shipment of 1,948 cartons of footwear ("Cargo") to be carried from Xiamen, China to St. Louis, Missouri via the Port of Los Angeles, California via the MAERSK ESSEN Voy. 015N in the same good order and condition in containers MSCU5466240 and MSMU7337509 as when received under MSC sea waybills MEDUXE220330 and MEDUXE188990, respectively.

9.     Defendants, and each of them, failed and neglected to carry, handle, monitor and deliver the Cargo its good order and condition as when received. To the contrary, the Cargo was not delivered.

10.    By reason of the foregoing, Plaintiff has been damaged in the sum of $266,195.52, plus survey expenses of $1,458, miscellaneous expenses, interest and costs, no part of which has been paid by Defendants despite demand therefor.

## SECOND CAUSE OF ACTION

(Negligence/Wilful Misconduct/Unseaworthiness)

11.    Plaintiff incorporates by reference paragraphs 1 through 6, inclusive,

of this Complaint as though fully set forth herein.

12. On December 21, 2020, Defendants, and each of them, accepted a shipment consisting of 1,948 cartons of footwear ("Cargo") . The Cargo was to be delivered to St. Louis, Missouri. Instead, the Cargo was never delivered.

13. The loss to the Cargo was directly and proximately caused by the negligence, carelessness and willful misconduct of Defendants, and the unseaworthiness of the vessel engaged to carry the Cargo across the Pacific Ocean.

14. As a direct and proximate result of such conduct, Plaintiff has been damaged in the sum of $266,195.52, plus survey expenses of $1,458, miscellaneous expenses, interest and costs, no part of which has been paid by Defendants despite demand therefor.

## THIRD CAUSE OF ACTION

(Breach of Contract)

15. Plaintiff incorporates by reference paragraphs 1 through 10, inclusive, of this Complaint as though fully set forth herein.

16. On or about December 21, 2020, Defendants, and each of them, agreed to safely handle, store, count, transport and deliver the Cargo in the same good order and condition as when received.

17. Defendants, and each of them, materially and substantially breached

and deviated from their agreements by failing to deliver the Cargo in the same good order and condition as when received.

18. As a direct and proximate result of the material breach of, and deviation from, the agreement by Defendants, Plaintiff has been damaged in the sum of $266,195.52, plus survey expenses of $1,458, miscellaneous expenses, interest and costs, no part of which has been paid by Defendants.

## FOURTH CAUSE OF ACTION

(Breach of Warranty)

19. Plaintiff refers to paragraphs 1 through 10, inclusive, of the Complaint and incorporates them herein as though fully set forth.

20. In loading the Cargo onto a ship, Defendants warranted that they would perform the services in a workmanlike manner using the proper equipment, personnel and business practices.

21. Defendants improperly stowed, loaded, and carried the Cargo, including use of a deficient vessel and other stowage improprieties and thus, breached their warranty.

22. As a direct and proximate result of Defendants' breach of warranty, Plaintiff has been damaged in the sum of $266,195.52, plus survey expenses of $1,458, miscellaneous expenses, interest and costs, no part of which has been paid

by Defendants despite demand therefor.

**WHEREFORE,** Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For general damages in the sum of $267,653.52, plus miscellaneous expenses, interest and costs;

2. For pre-judgment interest from January 16, 2021, at the rate of 5% per annum or as otherwise allowable by the court;

3. For post-judgment interest at the maximum allowable rate;

4. For costs of suit herein; and,

5. For such other and further relief as this court deems just and proper.

Dated: January 11, 2022				CAMMARANO LAW GROUP


						By: */S/Dennis A. Cammarano*
							Dennis A. Cammarano
							555 East Ocean Blvd., Suite 501
							Long Beach, California 90802
							Telephone: (562) 495-9501
							Facsimile: (562) 495-3674
							E-mail: dcammarano@camlegal.com
							Attorneys for Plaintiff,
							STARR INDEMNITY & LIABILITY
							COMPANY
							3536 Complaint Against MSC 011122.wpd

7